EDMUND D. READ, JAMES ROSENWALD, SAMUEL SCHUHMAN, ARTHUR D. ROSENBERG, CONRAD BOLLER, ISIDORE M. HANFT, JOHN PIERCE, HYMAN JACOBY, JACOB ROSENBLUTH and SYLVIA WEISS, Respondents, and HENRY ABRAMS, MAX W. WINN, BERTHA FREEDMAN and PAUL W. FINK, Plaintiffs, v. LEHIGH VALLEY RAILROAD COMPANY, Appellant.

Judgment and orders, so far as appealed from, affirmed, with costs. No opinion.

Settle order on notice.

Present — Martin, P. J., O'Malley, Townley, Dore and Cohn, JJ.; Dore, J., dissents; dissenting opinion by Dore, J.

Dore, J. (dissenting). Except as to the order and judgment in favor of the plaintiff Sylvia Weiss, I dissent and vote to reverse in so far as the order and judgment appealed from grant plaintiffs' motions for summary judgment and vote to deny plaintiffs' motions for summary judgment. Nearly ninety per cent of the holders of the $8,500,000 bonds outstanding have consented to the extension of the maturity date. These other plaintiffs who were not the registered owners of the registered bonds in question apparently acquired the interest, if any, that they may have in the bonds in suit at or about the time of the adjustment plan and immediately commenced numerous actions against the defendant. In view of all the facts and circumstances, the unauthenticated indorsements in blank being no proper proof of transfer to such plaintiffs, this action (a consolidation of forty-eight actions hastily brought in the Municipal Court) is one that should be determined only on a full revelation of the facts after a trial. Sylvia Weiss was, and alleges she was, the registered owner of the bonds, and the judgment in her favor for the sum of $3,000, with interest thereon from April 1, 1939, except as to the costs to be taxed, should be affirmed.

As the bills of costs and plaintiffs' motions to retax are not part of this record, the propriety of the costs provisions in the consolidation order should be reviewed on appeal, if any, of the orders partially granting the plaintiffs' retaxation motions.